**George J. YAPOR, Relator,**

**v.**

**Lloyd McCONNELL, Chairman, El Paso County Democratic Party, Respondent.**

No. 6985.

Court of Civil Appeals of Texas, El Paso.

March 31, 1980.

Hardie, Armstrong, Sergent, Hardie & Ryan, William B. Hardie, Jr., El Paso, for relator.

Lloyd McConnell, pro se.

OPINION

PER CURIAM.

George J. Yapor in this Original Proceeding seeks a Writ of Mandamus to require Lloyd McConnell, as Chairman of the El Paso County Democratic Party, to place his name upon the Democratic Primary Ballot as a candidate for the office of Chairman for Precinct 76 of El Paso County, Texas.

On February 4, 1980, Mr. McConnell accepted Mr. Yapor's application for a place on the Democratic Primary Ballot. Mr. McConnell was later advised by the Secretary of State that the application was void due to the applicant's failure to execute the required loyalty affidavit pursuant to Tex. Election Code Ann. art. 6.02 (1967) and art. 13.12(b) (Supp.1980). Article 13.12 of the Texas Election Code sets out the information required in an application for a place on the primary ballot. Article 6.02 of the Election Code illustrates the proper form of the loyalty oath that all candidates for office in the State of Texas must swear to.

The application form provided by the Secretary of State, the chief election officer for the State of Texas, Tex. Election Code Ann. art. 1.03 (Supp.1980), contains all the required elements.

Mr. Yapor's application was correctly filled out with the exception of three blanks in that portion of the application entitled "Loyalty Affidavit." The first blank is for the name of the applicant. The second is for the applicant's county of residence. A third blank is for the office being sought by the candidate. Mr. Yapor failed to fill out any of these, but did place his signature at the bottom of the form and it is properly notarized and acknowledged. Thus, the question before this Court is whether the omissions on the application render it void.

The Texas Supreme Court applied Articles 6.02 and 13.12 of the Election Code to a similar situation in the case of *Baker v. Porter*, 160 Tex. 488, 333 S.W.2d 594 (Tex. 1960). In that case a mandamus proceeding was brought to compel the party's executive committee to place the relator's name on the ballot for the party primary as a candidate for sheriff, tax assessor and tax collector of the county. The name of the relator was not placed on the ballot because the application allegedly failed to comply with Article 13.12, Tex. Election Code Ann., in that it failed to disclose the county of the relator's residence. At the time *Baker* was decided, the loyalty oath and the application to have a candidate's name placed on the party's primary ballot were separate documents. In our case, both the loyalty oath and the application are on the same form. In *Baker*, despite the fact that the two documents were filed separately, the Supreme Court considered the loyalty affidavit and the application together, and concluded that the omission of the county of residence in the application was supplied by the statement of residency in the loyalty oath. Although the Supreme Court stated that the information should properly have been in the application, it held that the failure to supply this information in the application itself was not fatal to the application.

The same result should follow in our case. The loyalty oath is in the form prescribed by the statute; it is properly signed and sworn to by the candidate, and acknowledged by the officer administering the oath. The county of residence, the office sought and the candidate's name are apparent on the face of the application. We think the requirements and intended purpose of Article 6.02, Tex. Election Code Ann., have been satisfied in this case by the election form submitted to Mr. McConnell.

The Petition for Writ of Mandamus is granted.