COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




IN RE:


JOSE FRANCISCO ARMENDARIZ,


 Relator.
§


 


§


 


§


 


§
 

No. 08-08-00044-CV



AN ORIGINAL PROCEEDING


IN MANDAMUS

 


O P I N I O N Jose Francisco Armendariz, Relator, seeks a writ of mandamus against Cynthia Clarke,
Democratic Party Chairperson of Presidio County, Texas, compelling her to submit his name for
inclusion on the Democratic Party's primary ballot for the office of Presidio County Commissioner,
Precinct No. One. We deny mandamus relief.

FACTUAL SUMMARY


 On Friday, December 28, 2007, Relator submitted his application for a place on the 2008
Democratic Party primary election ballot. Relator maintains in his mandamus petition that he
submitted the application and petition to Clarke at approximately 3:30 p.m. On that application,
Relator indicated that he sought the office of Presidio County Commissioner Precinct # 2. Likewise,
the first page of the eleven-page petition (1) submitted with the application stated: "I know that the
purpose of this petition is to entitle Jose Armendariz to have their [sic] name placed on the ballot for
the office of Presidio County Commissioner Pct. #2 for the Democratic primary election." The other
ten pages list Relator's name as Jose Armendariz or Jose Fco. Armendariz and list the office as
"County Commissioner Pct. #2," "County Commissioner Pct. 2," or "Presidio County Commissioner
Pct. #2." Nowhere in his application or the accompanying petition does Relator indicate that he
actually intended to run for the office of Presidio County Commissioner, Precinct # 1.

 According to the mandamus petition, Clarke reviewed the application and petition, informed
Relator that the documents were in proper order, and then signed and dated the application. On
January 3, 2008, at approximately 4 p.m., (2) Clarke informed Relator by telephone that his application
had been rejected, because it indicated that he intended to run for Precinct Two, an office which was
not up for election, rather than Precinct One, which is up for election. On January 9, Clarke sent a
letter to Relator stating that she was "compelled to deny [his] eligibility." She informed Relator that
she had spoken with an attorney from the Elections Division of the Texas Secretary of State's office
that same day and that the attorney had advised her that it was Relator's responsibility to make sure
that his application was accurate. She advised Relator that he could "petition for an appeal" and that
he also had the option of running as a write-in candidate in the November general election. Relator
filed a petition seeking mandamus relief in this Court on January 17.

JURISDICTION


 Relator seeks a writ a mandamus against the Democratic Party Chairperson of Presidio
County, compelling her to submit his name for inclusion on the party's general primary ballot for
the March 4 primary. The Election Code grants authority to the Supreme Court and the intermediate
appellate courts to issue writs of mandamus to compel the performance of any duty imposed by law
in connection with the holding of an election or a political party convention, regardless of whether
the person responsible for performing the duty is a public officer. Tex. Elec. Code Ann. § 273.061.

STANDARD OF REVIEW


 Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, which is often described as a "ministerial"
act, and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131,
132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). In this case, our
jurisdiction to issue a writ of mandamus is confined to compelling the performance of any duty
imposed by law in connection with the holding of an election. See Tex. Elec. Code Ann.
§ 273.061. The issue before us is whether Clarke's duties require her to submit Relator's name for
inclusion on the Democratic Party's primary election ballot.

DUTIES OF THE CANDIDATE


AND THE PARTY CHAIRPERSON


 The Texas Election Code requires that a candidate's application for a place on the ballot must
be in writing, be signed and sworn to by the candidate, indicate the date that the candidate swears
to the application, be timely filed with the appropriate authority, and, among other things, include
the candidate's name, the candidate's occupation, and the office sought, including any place number
or other distinguishing number. Tex. Elec. Code Ann. § 141.031. A candidate for public office
must comply with all statutory requirements to be entitled to have his or her name included on the
ballot. Escobar v. Sutherland, 917 S.W.2d 399, 404 (Tex. App.--El Paso 1996, orig. proceeding). 
As this Court has held on other occasions, it is the candidate who is primarily responsible and
accountable for properly completing and timely filing a proper application for a place on the ballot. 
Escobar, 917 S.W.2d at 404; Bejarano v. Hunter, 899 S.W.2d 346, 350 (Tex. App.--El Paso 1995,
orig. proceeding). Section 141.031's requirement that the application include the office sought,
including any place number or distinguishing number, is mandatory. See Escobar, 917 S.W.2d at
404 (section 141.031's requirements are mandatory, including the requirement that the application
be signed by the candidate).

 The Election Code establishes the party chairperson's duties with regard to reviewing
applications for a place on the primary ballot. See Tex. Elec. Code Ann. § 141.032. It provides
as follows:

 (a) On the filing of an application for a place on the ballot, the authority with
whom the application is filed shall review the application to determine whether it
complies with the requirements as to form, content, and procedure that it must satisfy
for the candidate's name to be placed on the ballot.


 (b) Except as provided by Subsection (c), the review shall be completed not
later than the fifth day after the date the application is received by the authority.


 (c) If an application is accompanied by a petition, the petition is considered
part of the application, and the review shall be completed as soon as practicable after
the date the application is received by the authority. . . . .


 (d) A determination under this section that an application complies with the
applicable requirements does not preclude a subsequent determination that the
application does not comply, subject to Section 141.034.


 (e) If an application does not comply with the applicable requirements, the
authority shall reject the application and immediately deliver to the candidate written
notice of the reason for the rejection.


 (f) This section does not apply to a determination of a candidate's eligibility.


Id.

 The party chairperson's duty to determine whether an application complies with the
requirements of section 141.031 is ministerial in nature. Escobar, 917 S.W.2d at 405-06. The party
chairperson has no discretion to accept an application and later certify the corresponding name for
placement on the primary ballot, if the application fails to meet the applicable statutory requirements. 
Id. at 406. If the application does not comply with the statutory requirements, the party chairperson
is required to reject the application and immediately deliver to the candidate written notice of the
reason for the rejection. See Tex. Elec. Code Ann. § 141.032(e); Escobar, 917 S.W.2d at 406.

NO VIOLATION OF DUTY


 In his application, Relator identified the office he sought as Presidio County Commissioner
Precinct # 2. Relator admits in his mandamus petition that his application is erroneous, because he
actually sought the office of Presidio County Commissioner Precinct # 1. He also states that the
office of Presidio County Commissioner Precinct # 2 is not an office currently up for election. 
Relator contends that Clarke violated her duty under section 141.032 to review his application and
immediately notify him that it was erroneous. We understand him to argue that Clarke should have
immediately noticed when Relator filed the application that he had mistakenly identified the office
he sought as one which was not up for election and that she should have immediately notified him
of the error, so that he could correct it before the deadline. He also complains that Clarke initially
accepted his application, but subsequently rejected it after the filing date.

 With respect to the first argument, section 141.032 does not impose a duty on a party
chairperson to immediately review an application for errors. To the contrary, the statute only
requires that the party chairperson review the application and accompanying petition "as soon as
practicable after the date the application is received." Tex. Elec. Code Ann. § 141.032(c). 
Whether Clarke's review of Relator's application and accompanying petition was done "as soon as
practicable" is a fact issue which this Court cannot adjudicate in a mandamus proceeding. See
Escobar, 917 S.W.2d at 403.

 We turn now to Relator's argument that Clarke somehow violated her duties by initially
accepting the application and then later rejecting it. We decline to hold as a general proposition that
a party chairperson's acceptance and filing of an application and accompanying petition is
tantamount to a review of those documents for compliance, as contemplated by section 141.032(a). 
Even assuming for the sake of argument that Clarke's initial review and filing of Relator's
application and petition constituted a determination under section 141.032(a) that the application
satisfied the applicable requirements, she was expressly authorized by section 141.032(d) to
determine after further review that the application did not comply.

 Pursuant to section 141.032, Clarke was duty-bound to reject Relator's application and
remove his name from the candidate list, because his application identified the office he sought as
one which is not currently up for election. She had no discretion to do otherwise. Having found no
violation of any duty imposed by law on Clark in connection with the holding of an election, we
deny Relator's petition for a writ of mandamus.


 KENNETH R. CARR, Justice


January 24, 2008


Before Chew, C.J., McClure, and Carr, JJ.

1. Relator chose to file his application by petition, rather than by filing fee. See Tex. Elec. Code Ann.
§ 172.021(b).
2. The filing deadline was January 2, 2008, at 6 p.m. All dates hereinafter referenced are in 2008.