

# NUMBER 13-08-00179-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE: TIMOTHY RYAN

---

## On Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Per Curiam Memorandum Opinion[1]

Through this original proceeding, relator, Timothy Ryan, seeks to compel the City of El Campo to either revoke three annexation ordinances or submit them to a city-wide vote. According to relator, the City's failure to take one of these two actions will result in an invalid election to be held on May 10, 2008, because voters from these annexed areas will be allowed to vote and a candidate from the annexed area will be allowed to run for an at-large seat on El Campo's City Council. We deny the petition for writ of mandamus for

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

the reasons stated herein.

## I. Background

The City of El Campo, acting through its City Council, issued four annexation ordinances on December 11, 2007. On January 10, 2008, pursuant to section 7.03 of the El Campo City Charter, citizens of the City filed three petitions asking the City Council to reconsider three of the annexation ordinances, and, if the City Council chose not to repeal them, to submit the ordinances to a popular referendum vote. Section 7.03 of the City Charter, entitled "Referendum," provides that:

> Qualified voters of the City of El Campo may require that any ordinance or resolution passed by the City Council be submitted to the voters of the city for approval or disapproval, by submitting a petition for this purpose within thirty (30) days after final passage of said ordinance or resolution, or within thirty (30) days after its publication . . . . Thereupon the City Council shall immediately reconsider such ordinance or resolution and; if it does not entirely repeal the same, shall submit it to popular vote as provided in section 6.07 of this Charter. Pending the holding of such election, such ordinance or resolution shall be suspended from taking effect and shall not later take effect unless a majority of the qualified voters voting thereon at such election shall vote in favor thereof.

Taking the position that annexation ordinances were not subject to the referendum provision of the City Charter, the City Council took no action on the three petitions.

Ryan and Ryan Services, Inc., brought suit against the City and City Council in the 329th Judicial District Court of Wharton County, Texas, seeking declaratory, injunctive, and mandamus relief. They alleged that the El Campo City Charter is valid under Texas law, the petitions regarding the ordinances complied with the City Charter, and the annexation ordinances were suspended in accordance with the Charter. In short, Ryan and Ryan Services, Inc. alleged that the referendum provision in the Charter required the City to either repeal the ordinances or call a popular election on their validity, and the ordinances

2

were not effective unless approved by a majority of the qualified voters at an election.

The City and Council members answered this suit and filed a plea to the jurisdiction on grounds that Ryan and Ryan Services, Inc. did not have standing to bring suit and the trial court, accordingly, lacked jurisdiction. The City and Council alleged that individual property owners cannot challenge irregularities in a municipality's annexation; rather, such challenges may be brought only through a quo warranto proceeding.[2] The trial court granted the plea and dismissed Ryan and Ryan Services Inc.'s claims without prejudice. Ryan and Ryan Services, Inc., appealed this order, which is currently pending in this Court as Cause No. 13-08-00105-CV.[3]

On April 8, 2008, Ryan individually filed the instant petition for writ of mandamus and motion for expedited consideration and, in the alternative, emergency temporary relief. That same day, the Court requested a response to relator's petition for writ of mandamus, and such response was duly filed on April 16, 2008. Relator's motion for expedited consideration and, in the alternative, emergency temporary relief, was ordered to be carried with the case until further notice from this Court.

According to the petition for writ of mandamus, the City of El Campo will hold an election on May 10, 2008, to, inter alia, fill three at-large seats on its City Council. The

---

[2] Quo warranto proceedings are used by the State to protect itself and the good of the public through agents of the State who control the proceedings. *City of Rockwall v. Vester*, 2008 Tex. LEXIS 71, *12 f.8 (Tex. 2008).

[3] Appellants have not filed a motion for expedited consideration or any other motion seeking an accelerated briefing schedule in this appeal. We note that the appellants' brief will not be due until May 1, 2008, and appellees' brief will be due thirty days thereafter. *See* TEX. R. APP. P. 38.6.

candidates for that election include relator,[4] respondents Phillip Spenrath and Kenneth Martin, who currently serve on the City Council, and non-parties Jimmy Roppolo, Otha Edison, Henry Dornak, Jr., and Richard Young. Pursuant to the City Charter, only residents of the City may run for a City Council seat, only City residents may vote in that election, and the three candidates who receive the most votes in the election will be elected to the City Council. Relator contends that the annexation ordinances are effectively suspended because the City Council failed to repeal them or submit them to popular vote, but nevertheless, a candidate who resides in the annexed area, Jimmy Roppolo, remains on the ballot as a candidate for City Council in the May 10, 2008 election, and voters from the annexed area will be able to vote in that election. Relator asks this Court to compel respondents to follow the provisions in section 7.03 of the City Charter before the May 10, 2008, election.

## II. Jurisdiction

The Texas Election Code grants authority to the Supreme Court and the intermediate appellate courts to issue writs of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer. *See* TEX. ELEC. CODE ANN. § 273.061 (Vernon 2003). Accordingly, we have jurisdiction to consider this petition for writ of mandamus.

## III. Standard of Review

In deciding whether a writ of mandamus is appropriate, we recognize that

---

[4] Relator became a candidate for City Council after the trial court denied his plea to the jurisdiction in the underlying proceeding.

4

mandamus relief is available to correct a clear abuse of discretion or the violation of a legal duty when there is no adequate remedy at law, such as by appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). "In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). In this case, our jurisdiction to issue a writ of mandamus is confined to compelling the performance of any duty imposed by law in connection with the holding of an election. *See* TEX. ELEC. CODE ANN. § 273.061; *In re Armendariz*, 245 S.W.3d 92, 94 (Tex. App.–El Paso 2008, orig. proceeding). The issue before us is whether the Council was required to revoke the ordinances or submit the ordinances to a city-wide vote for approval or disapproval.

IV. Applicable Law and Analysis

According to Ryan, section 7.03 of the City Charter requires the Council to either revoke the annexation ordinances or submit them to a city-wide vote. Ryan thus requests this Court to direct the Council to comply with the Charter and choose one of these options. We disagree with Ryan's arguments and analysis.

First, to the extent that Ryan's challenge is based on the annexations at issue herein, the proper method to challenge annexation procedures is through quo warranto, and accordingly, Ryan lacks standing to bring this action. *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656 (Tex. 1995); *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436 (Tex.1991); *City of Port Isabel v. Pinnell*, 161 S.W.3d 233 (Tex.

5

App.–Corpus Christi 2005, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(c) (Vernon 1997) (quo warranto proceedings may be brought by the attorney general or county or district attorney on his or her own motion or at the request of an individual). Unless an annexation is wholly void or the Legislature has expressly granted a private right to challenge the annexation in some manner, a quo warranto proceeding brought by the State is the only proper means of attacking a municipality's annexation in court. *City of Rockwall v. Hughes*, 51 Tex. Sup. J. 349, ___, 2008 Tex. LEXIS 71, *25 (Tex. Jan. 25, 2008). In this regard, we note that the record fails to indicate that Ryan has a legislatively granted private right to challenge the annexation, or that the City lacked issue the annexations, or that the annexations were otherwise void.

Second, we cannot conclude that the City or the City Council has failed to perform any duty imposed on them by law. The law is clear that annexation ordinances are not subject to the referendum provisions in city charters. *Vara v. City of Houston,* 583 S.W.2d 935, 938 (Tex. Civ. App.–Houston [14th Dist.] 1979, writ ref'd n.r.e.); *City of Hitchcock v. Longmire*, 572 S.W.2d 122, 127 (Tex. App.–Houston [1st Dist.] 1978, writ ref'd n.r.e.); *see also Save our Aquifer v. City of San Antonio*, 237 F.Supp.2d 721, 729 (W.D.Tex. 2002) ("Annexation issues are not subject to direct democracy voting through referendum, but rather are reserved to representative democracy. . . ."). Accordingly, the City and City Council were not required to repeal the annexation ordinances or put them to a referendum.

## V. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus,

is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). Relator's motion for expedited consideration and, in the alternative, emergency temporary relief, which was previously carried with the case, is hereby GRANTED insofar as this Court has given this proceeding expedited consideration.

PER CURIAM

Memorandum Opinion delivered and
filed this the 18th day of April, 2008.